**PRESTON'S ADM'R et al. v. WISE-MAN et al.**

Court of Appeals of Kentucky.

March 20, 1953.

Kelly Kash, Irvine, for appellants.

Shumate & Shumate, Irvine, for appellees.

CAMMACK, Justice.

William D. Preston, Jr., administrator of the estate of Leona Preston, and Sunshine Horn are appealing from a judgment on a directed verdict given in favor of Charlotte Wiseman and Roy Wiseman, at the conclusion of all the evidence. Sunshine Horn and Leona Preston were guests in an automobile being driven by Charlotte Wiseman, when it collided with a car driven by Earl Johnson. Leona Preston was killed and Sunshine Horn was injured permanently. The accident occurred on a curve on the highway between Irvine and Winchester. It was raining and the road was slick.

The Wisemans and Earl Johnson were made parties defendant. Before the trial was concluded the petition was dismissed as to Johnson. A motion of the Wisemans to dismiss the cross-petition of Johnson was sustained by Special Judge E. B. Rose on the ground that Johnson had sufficient

time to file an independent action in his own behalf.

Counsel for the appellants has filed a motion for a cross-appeal for Earl Johnson. This motion is being overruled because the appeal now under consideration concerns only the correctness of the granting of a peremptory instruction in favor of the Wisemans.

The appellants seek to invoke the doctrine of res ipsa loquitur. It seems to be their theory that, where guests are injured in an automobile collision, it is only necessary for them to show that they were passengers and that a collision occurred, thereby placing the duty upon the driver of each car to show that the other was responsible for the collision. It is contended also that, in the case of a car collision, where there is conflicting evidence, or evidence of concurring negligence, the question of cause or contributing cause of the collision is for the jury.

 We think Judge Rose properly disposed of the case insofar as the alleged negligence of the Wisemans is concerned. There was no testimony showing that Charlotte Wiseman was driving at an excessive rate of speed, or that she was on the wrong side of the road. On the other hand, as pointed out by Judge Rose, Johnson made three somewhat inconsistent statements as to the location of his automobile at the time of the collision. First he said that he was on the right side of the road. He then qualified his statement by saying that he did not think his car was over beyond the center line, as far as he knew. When asked whether he was positive as to whether no part of his car was on the wrong side of the road, he said, "I could not make that statement." He then said he did not know just what happened and that he did not think it was his fault, but that he could not say it was the other driver's fault. At no time did he say that the Wiseman car was on the wrong side of the road. The Wisemans said their car was never on the wrong side of the road, that Johnson's car skidded and came across the highway and struck their car. The testimony as to the location of the cars after the collision throws no light on their location at the time of the impact. Since there was no showing of negligence on the part of Charlotte Wiseman, the trial judge properly directed a verdict in the Wisemans' favor.

Judgment affirmed.